IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED GALVANIZING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0551 |
| | § | |
| IMPERIAL ZINC CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

This diversity suit arises from a contract to purchase a load of remelt zinc. The plaintiff, United Galvanizing, Inc., a Texas corporation that uses zinc in its galvanizing processes, was the purchaser; Richker Metals, Inc., a California corporation that brokered zinc, was the seller; and Imperial Zinc Corp., an Illinois corporation, was the manufacturer. The record shows that in June 2007, United Galvanizing ordered a load — approximately 45,000 pounds — of zinc from Richker Metals. United Galvanizing claims that the parties discussed "prime western" grade zinc. Richker Metals disputes this claim. Richker Metals entered into a contract with Imperial Zinc to purchase one truck load — 44,761 pounds — of remelt zinc. (Docket Entry No. 14, Ex. A-2). The contract between Imperial Zinc and Richker Metals stated that any dispute between them would be litigated in Chicago, Illinois. On June 27, 2007, Imperial Zinc produced the remelt zinc for Richker Metals in Illinois and invoiced Richker Metals on the same date. Richker Metals had the goods shipped by a carrier of its choosing to California. Richker Metals then shipped the zinc to United Galvanizing in Houston, Texas, where it arrived on June 29, 2007. According to United Galvanizing, soon after delivery it became apparent that the zinc was not "prime western" grade. United Galvanizing asserts

that subsequent testing of part of the load confirmed the deficient quality. On June 30, 2007, United Galvanizing informed Richker Metals that it was rejecting the zinc. Richker Metals arranged to pick up the remaining zinc. On October 19, 2007, after United Galvanizing refused to pay for any of the zinc, Richker Metals sued United Galvanizing in California state court. The California court granted United Galvanizing's motion to dismiss for lack of personal jurisdiction. United Galvanizing sued both Richker Metals and Imperial Zinc in this Texas court on February 19, 2008, alleging breach of contract and violations of the Texas Deceptive Trade Practices Act, and seeking damages and attorneys' fees. (Docket Entry No. 1).

This court granted Imperial Zinc's motion to dismiss for lack of personal jurisdiction on October 27, 2008, (Docket Entry No. 31), leaving the claims against Richker Metals. United Galvanizing sued Imperial Zinc in the Northern District of Illinois on June 30, 2009. (Docket Entry No. 65, Ex. 1). After Richker Metals filed a motion for summary judgment in this case on July 15, United Galvanizing and Imperial Zinc agreed to stay the Illinois litigation pending this court's resolution of the motion. (*Id.*, Ex. 2). On March 25, 2010, this court denied the motion in part, finding disputed fact issues material to determining whether United Galvanizing had specified zinc of a certain quality or whether the price made clear that the zinc was secondary or remelt of unspecified quality; whether Richker Metals had sent a written confirmation; whether United Galvanizing acted reasonably in using part of the zinc shipped without first testing it; and whether United Galvanizing accepted the zinc by using it (without testing) and timely and reasonably revoked the acceptance, or whether United Galvanizing timely rejected the zinc. (Docket Entry No. 59). This court granted the motion in part, dismissing United Galvanizing's claim for lost profits but retaining the claim for "cover" damages and incidental damages for testing, new preflux, acid

disposal, and new acid. (*Id.*). On September 3, this court set a bench trial for September 23, (Docket Entry No. 61). On September 10, this court reset the bench trial for November 29 to take into account medical problems faced by counsel for United Galvanizing. (Docket Entry No. 63).

On October 21, a little more than a month before the trial date, United Galvanizing moved to transfer this case under 28 U.S.C. § 1404 to the Northern District of Illinois. United Galvanizing argues that the transfer and consolidation with its suit against Imperial Zinc will allow a single court to resolve the claims involving all three parties. (Docket Entry No. 65). Richker Metals responded on October 26, vigorously opposing the motion to transfer. (Docket Entry No. 66).

Based on the motion, the response, the record, and the applicable law, this court denies United Galvanizing's motion to transfer. The reasons are explained below.

## II.     The Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406 (providing that a district court may dismiss a case improperly filed in the wrong district or division or, in the interest of justice, transfer the case to any district or division in which it could have been brought). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). The party seeking transfer must show that "the transferee venue is . . . clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Public and private interests factors are relevant. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious and inexpensive.'  The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'  *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight."  *Id.* (quotations and alternations omitted).

Unlike a Rule 12 motion based on improper venue, section 1404(a) sets no time limit for bringing a motion to transfer thereunder.  *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 759 (E.D. Tex. 2000) (noting difference and that section 1404(a) motion to transfer "can technically be made at *any* time" (emphasis in original)).  However, the Fifth Circuit has held that a motion to transfer venue under section 1404(a) is to be made with "reasonable promptness."  *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3847, at 370 (2d ed. 1986) [hereinafter FEDERAL PRACTICE AND PROCEDURE 2d]).  If the party opposing transfer can show that the section 1404(a) transfer motion would result in prejudice due to the delay in bringing the motion or that the motion is a dilatory tactic, then the movant has failed to show "reasonable promptness."  *Mohamed,* 90 F. Supp. 2d at 760 (citing *Peteet*, 868 F.2d at 1436); 15C FEDERAL PRACTICE AND PROCEDURE 2d § 3844, at 335–37 (2d ed. 1986)).

### III.     Discussion

United Galvanizing's argument rests primarily on its contention that separate proceedings would be inefficient because the legal and factual issues are similar in both cases and can only be

4

tried in a single case in the Northern District of Illinois.  In response, Richker Metals emphasizes United Galvanizing's delay in seeking transfer, the section 1404(a) factors are not met, and the relationship of the cases does not weigh in favor of transfer.

At the outset, it is useful to note that this case is unusual in that the plaintiff, a Texas company that selected this Texas forum, is now seeking transfer under section 1404(a) "for the convenience of the parties and witnesses and in the interests of justice."  Although the statute does not limit transfer motions to a defendant, a leading treatise has noted that "[i]t seems quite logical that the burden should be at least as heavy on a plaintiff who seeks to change the forum that he or she had selected as it is when the defendant is the moving party."  15 CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3848, at 163 (3d ed. 2007).  At the same time, "as with all Section 1404(a) determinations, the particular circumstances surrounding the transfer motion must be considered by the district judge."  *Id.* at 163–64.  One of those factors is whether suit originally was brought in the only forum in which several defendants could be joined and some of them thereafter are dropped from the case.  In such a circumstance, "the burden on the plaintiff in justifying transfer should be less than if the initiating party merely has had second thoughts."  *Id.* at 164.  In this case, Richker Metals initially sued United Galvanizing (and not Imperial Zinc) in California, but personal jurisdiction could not be maintained over United Galvanizing there.  United Galvanizing then sued both Richker Metals and Imperial Zinc in Texas, but personal jurisdiction could not be maintained over Imperial Zinc here.  This court granted Imperial Zinc's motion to dismiss in October 2008.  Eight months later, United Galvanizing sued Imperial Zinc in Chicago, but did not seek to transfer its claims against Richker Metals to Chicago to attempt to resolve them in the same forum.  Instead, United Galvanizing proceeded with both lawsuits.  While the Chicago

5

case was stayed pending this court's resolution of Richker Metals's summary judgment motion, that decision issued in March 2010. It was not until October 21, 2010, when the trial date neared, that United Galvanizing sought to transfer its claims against Richker Metals to the Chicago court. This sequence of events does not support lessening the burden on the party seeking transfer. United Galvanizing did not move for transfer with the "reasonable promptness" that is required. *See Peteet*, 868 F.2d at 1436. It has been more than nearly three years since United Galvanizing filed this lawsuit in the Southern District of Texas and two years since this court dismissed Imperial Zinc for lack of personal jurisdiction. United Galvanizing delayed for over two years before moving to transfer this case to the Northern District of Illinois, where Imperial Zinc is located.

United Galvanizing argues that its delay has only been seven months, the amount of time since it sued Imperial Zinc in Illinois. But United Galvanizing does not explain why, if it intended to seek a single forum to sue both Richker Metals and Imperial Zinc, it waited so long to sue Imperial Zinc in Chicago and then waited an additional seven months to move to transfer its claims against Richker Metals to Chicago. The fact that United Galvanizing waited so long to move to transfer, and did not do so until just over a month before the Texas trial setting, weighs against viewing the motion as motivated by seeking a single forum in which to resolve the claims. The delay in moving to transfer weighs heavily against granting the motion.

Even aside from the delay in seeking transfer, the section 1404(a) factors do not support the relief sought. Only one potential witness listed in the parties' initial disclosures lives in Chicago: David Kozen, Imperial Zinc's president. (Docket Entries Nos. 37, 38, 52, 53). The other witnesses appear to be party-employees located either in Texas or in California; moving to Illinois would not reduce inconvenience to them.

As to the one witness in Illinois, the president of Imperial Zinc, it is unclear whether his testimony is key to the claims between United Galvanizing and Richker Metals. The disputes between United Galvanizing and Richker Metals identified in this court's March 25, 2010 order are whether United Galvanizing had specified zinc of a certain quality or whether the price alone made clear that the zinc was secondary or remelt of unspecified quality; whether Richker Metals sent a written confirmation to United Galvanizing; and whether United Galvanizing accepted the zinc by using it (without testing) and timely and reasonably revoked the acceptance, or whether United Galvanizing timely rejected the zinc. There is no basis to conclude that the testimony of the Imperial Zinc witness is key to these issues.

A transfer to Illinois would not ease access to other sources of proof. Although Imperial Zinc and its records are located in Chicago, the zinc was sent to California and then Texas. Moreover, access to business records, given electronic data transfer, is a slight weight on the scale. *See Volkswagen of Am.*, 545 F.3d at 316.

Proceeding with trial before this court will not prejudice United Galvanizing. The complaint in this case alleges that Richker Metals violated Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.45(4), the implied warranty of merchantability, *id.* § 2.314, negligence, and negligent misrepresentation. (Docked Entry No. 11). In the Illinois litigation, United Galvanizing accuses Imperial Zinc of negligence, negligent misrepresentation, and violating the implied warranty of merchantability. (Docket Entry No. 65, Ex. 1). United Galvanizing argues that Imperial Zinc "is for all practical purposes an indispensable party." (Docket Entry No. 65 at 3). Rule 19 limits indispensable-party status to an individual or entity whose absence would deprive the court of the ability to "accord complete relief among existing parties," or would impair that individual or entity's

interest, or would leave a party "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1). Imperial Zinc has not asserted an interest that could be impaired if the case between United Galvanizing and Richker Metals proceeds in Texas. To the contrary, Imperial Zinc asked this court to dismiss it from this case. Nor would the parties in this Texas case be subject to a risk of inconsistent obligations if this trial proceeded in Texas. If United Galvanizing prevails, Richker Metals could seek relief from Imperial Zinc in Illinois. If United Galvanizing is unsuccessful, that will likely make the Illinois case unnecessary. This court can accord full relief to the prevailing party in this case. *See* TEX. BUS. & COM. CODE § 2.701–2.725 (providing remedies for Texas's enactment of the UCC). Imperial Zinc is not an essential party in this case.

Richker Metals asks this court to consider the delay that will occur if transfer is granted. Delay is an appropriate consideration only in "rare and special circumstances." *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003). In *Horseshoe*, the court disapproved of the district court's consideration of "the mere 'possibility' of vague and indefinite circumstances" when "no evidence" showed that delay would result from transfer. *Id.* at 434. A later opinion noted, however, that "rare and special circumstances would be present if, for example, a party requested transfer on the eve of trial." *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 578 (E.D. Tex. 2004) (concluding that transfer was from the Eastern District of Texas was inappropriate when the defendant "readily admit[ted] that trial time is shorter in the Eastern District of Texas"); *see also In re VTech Commc'ns, Inc.*, Misc. No. 909, 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010) ("*Horseshoe* stands for the proposition that vague generalities related to the possibility of delay caused by granting a transfer are not proper considerations. Contrastingly, the advanced stage of

discovery and the completion of claim construction are proper considerations that weigh against transfer in the circumstances of this case." (citations omitted)); *Carpenter v. Parker Drilling Offshore USA, Inc.*, Civ. A. No. 05-265, 2005 WL 1432373 at *3 (E.D. La. June 16, 2005) (distinguishing its case, in which the "Plaintiff has provided evidence that delay will almost certainly occur if the Court transferred this case" from *Horseshoe*).

This transfer request was on the eve of trial. Before this court reset the bench trial, this case was set for trial on September 23. Trial is now set for November 29. The Illinois litigation was stayed for an extended period and there has been relatively little progress by the parties in that case. This case appears to be the unusual case in which transfer will clearly result in a delay in the trial. To the extent this factor deserves weight, it is, like the other factors, against transfer.

**IV.     Conclusion**

The relevant factors all weigh against transferring this case. United Galvanizing's motion to transfer is denied. The bench trial remains set for November 29, 2009.

SIGNED on October 29, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge